JAP:BGK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

MIGUEL CEPEDA and
RAFAEL PEREZ-VALERIO,

        Defendants.

- - - - - - - - - - - - - - - - -X

M-O -627

COMPLAINT

(T. 21, U.S.C., § 846)

EASTERN DISTRICT OF NEW YORK, SS:

     BRENDAN LEDDY, being duly sworn, deposes and states that he is a Special Agent with the Drug Enforcement Administration (the "DEA"), duly appointed according to law and acting as such.

     Upon information and belief, on or about August 13, 2009, within the Eastern District of New York and elsewhere, the defendants MIGUEL CEPEDA, and RAFAEL PEREZ-VALERIO, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute heroin, a Schedule I controlled substance, in an amount of 100 grams of more, in violation of 21 U.S.C. § 841.

     (Title 21, United States Code, Section 846)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. The facts set forth in this affidavit are based in part on information that I have learned from review of written documents prepared by, and conversations with, members of law enforcement. Furthermore, in the portions below that describe surveillance, all surveillance was conducted by myself and officers assigned to either the DEA or another law enforcement agency. The observations of the other involved law enforcement agents have been related to me to supplement the activities that I personally observed. Unless otherwise indicated, I have not distinguished between the events that I have personally observed and those that were related to me by others.

2. In or about August 2009, law enforcement was advised from a cooperating witness ("CW") whose information has proven to be reliable in the past, that DAVID LUGO was looking to distribute large quantities of heroin to potential buyers.[2]

3. Based upon that information, at the instruction of law enforcement, the CW met with DAVID LUGO on at least two occasions during the past two weeks for the purpose of the CW

---

[1] Because the purpose of this affidavit is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

[2] The CW faces federal charges and is cooperating with law enforcement with the expectation of receiving a lesser sentence.

obtaining heroin from LUGO or his source. In addition, on August 13, 2009, there were several recorded conversations between the CW and LUGO in which, in substance and in part, LUGO explained to the CW that LUGO had an associate that could sell CW 500 grams of heroin for $33,500. The CW informed LUGO of his desire to receive the heroin. They agreed to meet that night at a Mobile service station located on Horace Hardening Expressway and 108th Street in Queens, New York.

4.   At approximately 8:00 p.m., the CW and LUGO met at the Mobile service station. LUGO entered the CW's vehicle, and they drove to the corner of 107th Street and 37th Road in Queens, New York. At that time, LUGO and the CW exited CW's vehicle and proceeded into a residential garage located at 104-35 37th Road in Queens ("garage") for the purpose of purchasing 500 grams of heroin. Present at the garage were defendants CEPEDA and PEREZ-VALERIO, along with various other individuals.

5.   Upon entering the garage, the CW was approached by defendant PEREZ-VALERIO. Defendant PEREZ-VALERIO stated to the CW that he was not showing the CW the drugs until the CW showed defendant PEREZ-VALERIO the money. The CW refused to show defendant PEREZ-VALERIO the money, and proceeded to leave the garage with LUGO.

6.   LUGO and CW got back into CW's vehicle. At that time, while the vehicle was parked, LUGO called defendant PEREZ-

VALERIO and convinced defendant PEREZ-VALERIO to show the drugs to the CW without first seeing the CW's money. Thereafter, LUGO then exited the vehicle and walked back the garage. The CW then moved his vehicle and parked it in front of the garage, and thereafter entered the garage.

7. Upon the CW entering the garage area, defendant PEREZ- VALERIO instructed defendant CEPADA to retrieve the drugs and show it to the CW. Defendant CEPADA went over to the side of the garage and retrieved a brick shaped object containing heroin and brought it to the CW. The CW examined it object, observing a brown powdery substance. The CW then gave the heroin back to defendant CEPADA. Defendant CEPADA then placed the heroin back to the location he had previously retrieved it.

8. Thereafter, CW informed defendant PEREZ-VALERIO, defendant CEPADA and LUGO that he was interested in purchasing the heroin. The CW then placed a call to a law enforcement officer waiting down the block. At that time, law enforcement officers responded and placed defendants PEREZ-VALERIO and CEPADA under arrest and seized approximately 631 grams of heroin. LUGO fled the area without being arrested.

9. Field tests performed by the DEA of a sample of the substance seized from the defendants confirmed that this substance contained a detectable amount of heroin.

10. After being advised of his rights, in a post arrest statement, defendant PEREZ-VALERIO stated that he, along with defendant CEPADA and LUGO attempted to deliver approximately 500 grams of heroin to the CW.

WHEREFORE, your deponent respectfully requests that the defendants MIGUEL CEPADA and RAFAEL PEREZ-VALERIO be dealt with according to law.

BRENDAN LEDDY
Special Agent
Drug Enforcement Administration

Sworn to before me this
14th day of August 2009

HON. VIKTOR V. POHORELSKY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK